1    UNITED STATES DISTRICT COURT

2    EASTERN DISTRICT OF WASHINGTON

3

4  CYNTHIA D. FAULKNER,                    No. 14-cv-3040-JPH

5                 Plaintiff,        ORDER GRANTING PLAINTIFF'S

6  vs.                              MOTION  FOR SUMMARY
                                    JUDGMENT
7  CAROLYN W. COLVIN, Acting

   Commissioner of Social Security,
8
                  Defendant.
9

10        BEFORE THE COURT are cross-motions for summary judgment. ECF No.

11  14, 19. The parties have consented to proceed before a magistrate judge. ECF No.

12  6. After reviewing the administrative record and the parties' briefs, the court

13  **grants** plaintiff's motion for summary judgment, **ECF No. 14**.

14                        **JURISDICTION**

15        Faulkner protectively applied for supplemental security income (SSI)

16  benefits May 26, 2010. She alleged onset beginning January 29, 2009 (Tr. 154-58).

17  Benefits were denied initially and on reconsideration (Tr. 109-113, 122-23). ALJ

18  Moira Ausems held a hearing May 3, 2012 (Tr. 55-83) and issued an unfavorable

19  decision July 23, 2012 (Tr. 28-41). The Appeals Council denied review January

ORDER - 1

31, 2014 (Tr. 1-6). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review March 31, 2014. ECF No. 1 and 4.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's  decision and the briefs of the parties. They are only briefly summarized as necessary to explain the court's decision.

Faulkner was 23 years old when she applied for benefits and 25 at the hearing. [The ALJ declined reopening a prior application that was denied and not appealed. Tr. 28.] Faulkner was in special education classes from preschool through high school. On her only job she worked eight to twelve hours a week as a child care aide. She alleges disability based on physical and mental limitations. These include infantile cerebral palsy with weak ankles and wrists, migraines, eczema, anxiety and problems with understanding and memory. She has been diagnosed with borderline intellectual functioning (BIF). (Tr. 40, 68, 86, 167, 174-75, 179-80, 209, 217, 260, 266, 270).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

ORDER - 2

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial

ORDER - 3

gainful activity. 20 C.F.R. §§  404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which

ORDER - 4

plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress  has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one, **A**LJ Ausems found Faulkner did not work at SGA levels after she applied for benefits (Tr. 30). At steps two and three, she found Faulkner suffers from mild cerebral palsy and borderline intellectual functioning, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 30, 33). The ALJ found Faulkner can perform a range of sedentary work, limited to standing and/or walking 4 hours in an 8-hour day, simple, routine tasks, superficial contact with the public and no more than cooperative teamwork with coworkers (Tr. 35). At step four, the ALJ found Faulkner has no past relevant work (Tr. 40). At step

ORDER - 6

five, she relied on the VE's testimony and found there are jobs Faulkner can

perform, such as final assembler, charge account clerk and document preparer (Tr.

40-41). The ALJ concluded Faulkner was not disabled after May 26, 2010 (Tr. 41).

## ISSUES

Faulkner alleges the ALJ should have found her impairments met or equaled

the listing for cerebral palsy. She alleges the ALJ improperly rejected a treatment

provider's opinion, erred when she failed to weigh lay testimony, assessed

credibility and failed to include all limitations at step five. ECF No. 14 at 6-7. The

Commissioner asks the Court to affirm, asserting the ALJ properly weighed the

evidence and committed no harmful error. ECF No. 19 at 21.

Faulkner is correct that the ALJ's decision contains harmful error.

## DISCUSSION

*A. Step Three*

Faulkner alleges the ALJ should have found at step three that her

impairments met or equaled listing 11.07 (Cerebral Palsy). ECF No. 14 at 9-10; 20

C.F.R., Subpart P, Appendix 1. The Commissioner responds that the ALJ's finding

was appropriate and supported by substantial evidence. ECF No. 19 at 6-8.

Faulkner states medical expert James Haynes, M.D., testified it was

"borderline" whether she met Listing 11.07; he acknowledged that if Faulkner

experienced migraines at least fairly frequently and functioned intellectually at the

ORDER - 7

borderline level, the argument could be made that her impairments equaled the listing. ECF No. 14 at 9, referring to Tr. 64. Faulkner alleges this testimony, in addition to evidence of cerebral palsy, migraines, severe eczema, bilateral ankle weakness and BIF, shows her impairments met or equaled Listing 11.07. ECF No. 14 at 9-10, citing to Tr. 263, 270, 331.

The Commissioner reads Dr. Haynes' testimony differently. She asserts his meaning is that this case was "very borderline" to even suggest a listing. She alleges that Dr. Haynes assessed RFC shows he did not believe a listing was met or equaled. ECF No. 19 at 6-7.

The Court agrees with Faulkner's interpretation. It appears Dr. Haynes meant this case was close to meeting Listing 11.07 based on Faulkner's combination of impairments.

The record indicates Faulkner was observed to have difficulty with balance when walking and walked with a wide gait. At times both ankles had mild limited range of motion with weakness (Tr. 262-63). She has been diagnosed with borderline intellectual functioning (BIF). Pace is noted to be slower than average (Tr. 268, 270, 337). The record shows the Administration has described Faulkner as delayed in answering questions and "had difficulty answering questions" (Tr. 164-65). In addition, she suffers occasional migraines and eczema, the latter limiting her ability to perform certain job functions. She is noted to be "quite

childlike in her mannerisms" and "developmental delay features are evident" (Tr. 74, 189, 260, 266, 321, 349-54).

The ALJ found at step two that Faulkner suffers from cerebral palsy and borderline intellectual functioning.

Symptoms of cerebral palsy include difficulty walking, such as a wide gait. People with CP may also have intellectual disabilities. *See e.g.,* www.mayoclinic.org/. On  this record the Court is unable to clearly determine whether the impairment of cerebral palsy with BIF meets or medically equals Listing 11.07. On remand a medical expert should be consulted to help make this determination.

*B. Weighing treating doctor's opinion*

Faulkner alleges the ALJ's reasons for rejecting the opinion of treating doctor, Wendy Owens, M.D., are inadequate. ECF No. 14 at 10-13. Dr. Owens opined Faulkner's generalized weakness and cognitive impairment precluded gainful employment (Tr. 328, 331, 334, 337).

The Commissioner responds that the ALJ gave specific, legitimate reasons supported by substantial evidence for discrediting Dr. Owens' opinion.

Dr. Owens opined Faulkner was unable to work due to a combination of physical and mental impairments. In April 2011 she opined generalized weakness and cognitive impairments preclude employment. Dr. Owens noted Faulkner had

been unable to pass the driving exam and has problems focusing and following

directions (Tr. 328-29). In February 2012 she opined Faulkner is unable to work

and Owens believed the condition would worsen. She opined standing and walking

were both limited to two hours a day (Tr. 334). In May 2012 she opined

neurological exam findings support the infantile CP diagnosis, with weakness in

gross and fine motor strength of the upper and lower extremities (Tr. 337).

The ALJ rejected Dr. Owens' opinions because (1) her treatment records do

not contain clinical testing or studies to substantiate assessed limitations; (2) she

only saw Faulkner on a semi-annual basis; (3) her opinions are inconsistent with

those of Drs. Hamilton, Garrison and Haynes, and (4) her assessed limitations are

inconsistent with Faulkner's daily activities (Tr. 39).

The ALJ erred by stating:

"... the undersigned notes that no treating or examining physician has ever

identified any significant functional loss with respect to claimant's cerebral palsy,

which significantly limits her ability to perform basic work activities." (Tr. 36).

As noted, treating doctor Owens opined generalized weakness from cerebral

palsy and cognitive impairments preclude employment.

The ALJ further erred by relying on semi-annual examinations as a

legitimate reason to reject the treating doctor's opinion. It is far from clear that

there is any effective treatment for either cerebral palsy or BIF. The ALJ is correct,

however, that Dr. Owens' records do not contain clinical testing or studies to substantiate assessed limitations, and this is a legitimate reason to give the opinion less weight.

The ALJ's next cited reason is that Owens' opinions are inconsistent with those of Drs. Hamilton, Garrison and Haynes (Tr. 39). The Court notes the ALJ is required to give  more credit to the opinions of treating than examining and reviewing doctors. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The Court notes the ability to perform independent daily living activities on this record is not a legitimate reason to reject Dr. Owens' opinions. Faulkner's ability to bathe and play computer games, for example, are consistent with Dr. Owens' opinions. Finally, Dr. Haynes' testimony that Faulkner's condition is "borderline" for meeting Listing 11.07 does not directly refute Dr. Owens' opinions, as the ALJ suggests (Tr. 39). The ALJ's reasons for rejecting Dr. Owens' opinions are not supported by substantial evidence and contain legal error. Remand for further proceedings is required.

### C. Credibility and lay testimony

Faulkner alleges the ALJ erred when she assessed credibility and failed to discuss her spouse's testimony. ECF No. 14 at 13-18.

*Credibility*. The ALJ found Faulkner less than fully credible because her daily activities were inconsistent with the degree of limitation claimed, medical

ORDER - 11

evidence was inconsistent with claimed limitations, she sought little treatment for both physical and mental problems, and when she received treatment it was generally conservative and objective findings were consistently minimal (Tr. 37-38).

Faulkner asserts because the ALJ stated at the hearing she was impressed with the "very credible and sincere person" before her, it was error to then find her incredible in the written decision. ECF No. 14 at 14, referring to Tr. 77.

On remand the ALJ should reevaluate credibility.

*Spouse's testimony*. Faulkner alleges the ALJ erred when she failed to provide any reasons for rejecting the opinion of her spouse, Brent Faulkner. ECF No. 14 at 18, Tr. 190-97. She is correct that the ALJ did not discuss his testimony.

Lay testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work is competent evidence that the ALJ must take into account. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (citations omitted).

When an ALJ discounts the testimony of lay witnesses, "he [or she] must give reasons that are germane to each witness." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009), citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). It can be rejected if it conflicts with medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001).

Here, the ALJ failed to mention the lay testimony and so did not give

ORDER - 12

reasons for rejecting it. On remand the ALJ is directed to consider and weigh this evidence.

*D. Step five*

Last, Faulkner alleges the ALJ erred at step five by relying on the VE's response to an incomplete hypothetical. ECF No. 14 at 19-20. This too should be addressed on remand after reassessing Faulkner's RFC.

**CONCLUSION**

After review the Court finds the ALJ's decision is not supported by substantial evidence and contains legal error.

**IT IS ORDERED**:

1. Plaintiff's motion for summary judgment, **ECF No. 14**, is granted.  The case is reversed and remanded pursuant to sentence four for further administrative proceedings.

2. Defendant's motion for summary judgment, ECF No. 19, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of plaintiff, and **CLOSE** the file.

DATED this 5th day of January, 2015.

*s/James P. Hutton*

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER - 13